## WUEBKER v. HOPKINS, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9273. Decided June 25, 1928.

Middleton, PJ., Mauck, J., of the 4th Dist., and Lemert, J., of the 5th Dist., sitting.

797. MUNICIPAL CORPORATIONS.

Where measure before council is, in effect, a resolution, mayor has right to break tie by casting determining vote.

Error to Common Pleas.

Judgment affirmed.

R. G. Curren and G. Morgan, Cleveland, for Wuebker.

D. T. Miller, Cleveland, for Hopkins, et.

FULL TEXT.

MAUCK, J.

Casper Wuebker as a taxpayer of the Village of Dover brought his action in the Common Pleas to restrain the Clerk of the Village from the payment of any of the funds of the Village to Gilbert Morgan for services rendered as Village Solicitor. It is alleged that his employment was illegal in that the ordinance providing for his employment and fixing the compensation thereof was not legally passed by the Village Council. The petition recites that the Village Council consisted of six members, only three of whom voted for the ordinance; that three of them voted against it, and that the Mayor unlawfully assumed the right to cast the deciding vote and cast such deciding vote in favor of the ordinance. A demurrer was sustained to this petition and judgment entered for the defendants. To this judgment error is prosecuted to this court.

The sole question here is whether the Mayor had a right to cast the deciding vote on the tie in Council on Mr. Morgan's employment. The position of the plaintiff in error is that by virtue of Section 4224 General Code the passage of any ordinance by municipal council requires the concurrence of a majority of the members elected thereto and that while upon other measures the Mayor may in case of a tie cast the determining vote, no such right exists upon the passage of an ordinance.

It may be argued that the position of the plaintiff in error in this behalf is correct in any case requiring the Council to act by the passage of an ordinance. The statute, however, provides that the Council may act either by ordinance or by resolution. Unless the statute prescribes one or the other methods of procedure a resolution is the proper method

of adopting an informal enactment providing for the disposition of a particular item of business, while an ordinance is the proper method for the adoption of a regulation of a general or permanent nature. 19 R.C.L. 895; 43 Corpus Juris, 519.

Here the petition discloses that Council was not taking action of a general or a permanent nature, but was simply making a contract for the employment of legal counsel. The statute recognizes it to be nothing more than a contract. Section 3809 General Code. It consequently required nothing more than the adoption of a resolution. Upon the adoption of such a resolution the Mayor had the determining vote in case of a tie. The Council had no power by calling the resolution an ordinance, to divest a Mayor of the authority that he would have had if the measure had been properly denominated.

In Blanchard vs. Bissell, 11 OS. 96, the Supreme Court was considering the action of City Council expressed in what was called an ordinance, but which did not meet statutory requirements. The court held that regardless of what it had been called, it was in fact a resolution because it was of a temporary character and prescribed no permanent rule of government and being sufficient as a resolution it could not be robbed of its vitality because it had been erroneously styled an ordinance.

The petition in this case showed that the measure was in effect a resolution, and being a resolution the Mayor, under Section 4255 General Code, had a right to break a tie by casting the determining vote. The petition did not state a cause of action. The demurrer was properly sustained.

(Middleton, PJ., and Lemert, J., concur.)