VILLAGE OF EASTLAKE, APPELLANT, *v.* DAVIS, APPELLEE.

(No. 510—Decided May 3, 1952.)

*Mr. Wayne E. Davis, in propria personna.*
*Mr. George J. Heil,* for appellant.

GRIFFITH, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining a demurrer to plaintiff's petition.   The plaintiff choosing not to plead further, judgment was rendered in favor of defendant.

The village of Eastlake became a municipal corporation on September 9, 1948, it being a part of the area formerly included in Willoughby township.   The defendant was employed as solicitor for the village

during the period beginning January 24, 1949, and ending October 20, 1950.

There was no agreement between the village and the defendant for compensation except the resolutions of employment which provided for payment of the sum of $1,800 per year, additional compensation in connection with the issuance and sale of bonds and notes, appearances before the mayor's court in excess of four cases at the rate of $15 per case, and such compensation as is approved by the council of the village for services rendered before any other court, board, body, or commission during the term of defendant's employment.

The defendant acted as attorney for the village before the Probate Court in the matter of the division of funds and assets between the township and the village under the provisions of Section 3544, General Code.

On February 7, 1951, he presented a statement of services rendered to the village council, which was rejected on March 26, 1951. The defendant then filed a notice of lien in the Probate Court on the judgment in favor of plaintiff in the sum of $11,001.50. The plaintiff village thereupon filed a petition in the Common Pleas Court praying for cancellation and removal of such lien.

A demurrer to this petition was filed by the defendant on the following grounds:

1. That the Common Pleas Court had no jurisdiction over the subject of the action.

2. That no cause of action was stated.

Does the Common Pleas Court have general equity jurisdiction to order cancellation of a lien for attorney's fees filed against a fund resulting from a judgment in the Probate Court arising out of a division of township assets between the township and the village,

such judgment having been rendered under authority of Section 3544, General Code?

The defendant contends that only the Probate Court has jurisdiction to determine the matters in issue. Section 10501-53, General Code, grants full equity powers to the Probate Court. This section provides, in part:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

What was the matter "properly before the [Probate] Court"? It was the question of the division of the funds and assets of the township. That court was limited to determining the division and to making an order after the division had been determined. The Probate Court had no continuing control over those funds or over the matter of the division of assets. When it made its order of division, its jurisdiction ended. The matter before the Probate Court was the division of funds, and, as to that matter, that court had exclusive jurisdiction.

There was no matter other than that before the Probate Court, and when it made the order of division, its task was finished. The defendant was not acting as attorney for a fiduciary who was under the jurisdiction of the Probate Court. He was acting for the village under a contract with that village.

The village council, by resolutions, provided for the payment to the defendant for his services, and the defendant acted pursuant to the same. He was aware that for his services the contract provided:

"Such compensation as is approved by council of said village for services before any other court."

These resolutions of council, if they comprise the necessary elements, acted upon by the defendant, are

contracts between the village and the solicitor and binding on each. *Wuebker* v. *Hopkins,* 29 Ohio App., 386, 163 N. E., 566.

It is upon this contract that the defendant must rely for recovery. He contends that the village cannot accept the fruits of his skill and efforts and then arbitrarily deny payment. The village accepted the services, but it did so under the terms of resolutions that it had passed, and this legislation was enacted before the commencement of the defendant's work.

The resolutions of employment do not fix the compensation. The compensation has never been fixed because of the clause: "Such compensation as is approved by council of said village."

The defendant must rely upon this clause in the resolutions of council if he is to recover. He was cognizant of and familiar with this provision in the resolution. This provision is not actually a contract at all but constitutes an indication on the part of the village council that the defendant will be permitted to do additional work before other courts or bodies when necessary, at which time council will fix the extra allowance by an independent resolution.

It amounts to nothing more than a declaration to enter into a binding contract in the future if the need arises, the amount of compensation to be determined and approved by that legislative body.

There can be no recovery against a municipality of this state for a claim on a *quantum meruit* basis. 28 Ohio Jurisprudence, 924, Section 575.

There has been no implied municipal liability in matters *ex contractu* in this state since the passage of the act of April 6, 1876. See the second paragraph of the syllabus in the case of *City of Wellston* v. *Morgan,* 65 Ohio St., 219, 62 N. E., 127.

A village cannot be made liable as can private parties in relations quasi *ex contractu.* No liability at-

taches to a village where the plaintiff seeks to hold the corporation liable in *quantum meruit* or on an implied contract. *Buchanan Bridge Co.* v. *Campbell et al., Commrs.,* 60 Ohio St., 406, 54 N. E., 372; *Frisbie Co.* v. *City of East Cleveland,* 98 Ohio St., 266, 120 N. E., 309; *McCormick* v. *City of Niles,* 81 Ohio St., 246, 90 N. E., 803, 27 L. R. A. (N. S.), 1117; *Hommel & Co.* v. *Village of Woodsfield,* 115 Ohio St., 675, 155 N. E., 386; *Village of Beachwood* v. *Ohio Casualty Ins. Co.,* 47 Ohio App., 212, 191 N. E., 797.

We, therefore, conclude that the Common Pleas Court of Lake County does have jurisdiction of the subject matter of plaintiff's action; that the petition states a good cause of action; that the Probate Court has no jurisdiction to pass upon the defendant's claim for compensation; and that the Common Pleas Court erred in sustaining the demurrer of the defendant.

Therefore, the judgment is reversed and the cause remanded to the Common Pleas Court with instructions to overrule the demurrer and for further proceeding according to law.

*Judgment reversed.*

NICHOLS, P. J., and PHILLIPS, J., concur.