ZEHENNI, APPELLEE, v. CITY OF AKRON, APPELLANT.

(No. 264456—Decided October 7, 1968.)

Common Pleas Court of Summit County.

*Mr. Alvin C. Vinopal*, for appellant.
*Mr. Edward C. Maher*, for appellee.

HARVEY, J. This cause came into this court upon an appeal from the Municipal Court of Akron upon questions of law. The plaintiff filed a petition in the Municipal Court on an account against the city of Akron and upon trial had, the court rendered judgment for the plaintiff in the sum of $1,187.75. The city of Akron did not attack the sufficiency of the petition, but filed as a first defense a general denial, and as a second defense pleaded the statute of limitations, to wit, Section 2305.11, Revised Code.

There may have been testimony taken in this case, but this court has no transcript of the testimony before it and must decide this case upon the exhibits received by way of correspondence, amplified only by the finding of fact and

conclusions of law made by the trial court. From the statements of counsel and from the opinion of the court and its finding of fact and conclusions of law, the court gathers that the situation was to this effect: The plaintiff was an employee in the Finance Department under the immediate supervision of one Ferguson, and it is alleged and it seems to be a fact that Ferguson told the plaintiff that he could schedule compensatory time for the extra hours worked, but that the compensatory time was to be scheduled at the discretion of Ferguson as manager of the division at times when the ordinary conduct of the business of the office would not be affected by the scheduled compensatory time. In substance it seems to be a declaration upon the part of Ferguson that if he worked overtime that he could at other times take off without any deduction as absent from his regular salary.

The ordinance fixed the hours and the salary of the plaintiff in this case. At no time is there a promise that he would be paid in money for the overtime in the event that he was unable to take off enough time to make up for the overtime.

It is admitted in the finding of fact that there was no authority upon the part of Ferguson or anyone else to make a promise of overtime, and there was no promise of overtime; however, he did work overtime, and he did take off from time to time, and his salary was not deducted for those hours he took off. In other words, he took off in lieu of overtime pay.

It is not for this court to pass upon the administrative policy, but it certainly would lead to a great deal of confusion even though records are kept of the amount of overtime one works and the amount of compensatory time off that he may have received.

The plaintiff has filed a reply in this case wherein he states that at no time during the accumulation of the account for time worked over the standard work-week did the defendant city deny its obligation to compensate plaintiff, and that the defendant is estopped from the defense claimed in its answer. This allegation itself is sufficient

to show that there was no definite, express promise to ever pay in dollars for overtime, nor has the court been shown any authority for Ferguson to bind the city in the payment of dollars for overtime. It is just the opposite; in lieu of overtime compensation, he was to be permitted to be absent from time to time without deduction from pay.

In considering the conclusions of law that were made in this case, this court is of the opinion that Ferguson had no right to make an express promise to pay for overtime, and this is conceded by the trial court, and his promise that the plaintiff could take off from time to time in lieu of overtime without deduction in salary may have been an administrative policy, but as far as contract is concerned, it is a mere declaration on the part of Ferguson, nor is there any ordinance offered in evidence in this case that authorizes such a policy. In 39 Ohio Jurisprudence 2d, Municipal Corporations, Section 40, p. 187, the general rule of law applicable is laid down:

"The contractual powers of a municipal corporation are limited and it cannot be made liable, as can private parties, in relations *quasi ex contractu* or on the basis of implied contract. It has been said that there has been no implied municipal liability in matters *ex contractu* in Ohio since the passage of the Act of April 6, 1876." (*Eastlake* v. *David*, 94 Ohio App. 71; *Wellston* v. *Morgan*, 65 Ohio St. 219; and the case of *McCormick* v. *Niles*, 81 Ohio St. 246, is to the same effect.)

The petition in this case, which is a short form petition on an account, does not allege at any point that there was an express contract upon the part of the city to pay for this additional overtime, nor does it allege that any officer or authority in the city authorized such a contract. The statements of Mr. Ferguson could hardly rise to the status of a contract. The plaintiff, when he left the services of the city, calculated the amount of money that would come to him on a forty-hour week for the number of hours that he alleges he worked overtime, and he asked for a money judgment. He is, in effect, claiming that there was an implied obligation upon the city to pay in money wages

for overtime because he had performed the services. This would in substance be a compensation for overtime based either upon an implied contract or a quasi contract for an unjust enrichment.

The trial court seems to base the obligation in this case upon the theory of unjust enrichment because there is no clear or express contract to pay in dollars for this overtime, and there would be no authority in law to add this onto his vacation pay as an addition at the time the services were terminated.

It is conceded that the plaintiff did not perform services from June the 14th to August the 20th, but he has turned this naked promise of Ferguson into an agreement to pay overtime, which makes an action either implied or quasi-contract, that is implied in fact, and the evidence does not show it, or implied in law, and in either event the authorities hold there can be no recovery. Even assuming that Ferguson had the authority to in some manner obligate the city over and above his salary as a member of the classified service, the record does not show any express promise to pay in dollars in the event that he was unable to take off time to compensate for the overtime. The promise of Ferguson was to the effect that in the future he could take off time when it was practicable, and, of course, a proposition of that kind results in an accumulation without the opportunity to take off time and not be deducted for it.

What the plaintiff is doing in this case is turning that promise into an implied promise to pay in the event that he is unable to use all this accumulated overtime, but it has been held time and again that the only manner in which a municipality may enter into a contract, agreement or obligation is by ordinance or resolution of its council. There can therefore be no contract, agreement or obligation against a municipality and no implied liability. All liability *ex contractu* must be expressed and be entered into by ordinance or resolution of the council.

Therefore, considering the finding of fact and the conclusions of law, together with the pleadings in this

case, which is all that is before this court, the court is of the opinion that the petition was demurrable and does not state a cause of action, and upon the pleadings and the findings of fact, the court is of the opinion that the judgment in this case is invalid and should be reversed, and judgment should be renderd for the defendant, and it is so ordered.

*Judgment reversed.*