UNIVERSITY HOSPITALS OF CLEVELAND *v.* CITY OF CLEVELAND ET AL.

(No. 822764—Decided July 22, 1971.)

Common Pleas Court of Cuyahoga County.

*Mr. Claude J. Parker*, for plaintiff.
*Mr. Clarence L. James, Jr.*, director of law, and *Mr. Robert S. Wilson, Jr.*, for defendants.

CALHOUN, J., sitting by assignment. This case has been submitted on the following stipulation of facts:

"The parties to this action hereby agree and stipulate as to the following facts relevant to the issue in this case:

"1. This action was commenced on December 30, 1965, by the plaintiff, a corporation not for profit, and engaged in operating among other units and divisions a general emergency service upon a twenty-four (24) hour per day basis.

"2. The defendant, city of Cleveland, a municipal corporation duly organized and existing under the laws of the state of Ohio, and that as such municipal corporation it operates and maintains a department of public safety in which there is a division of police, among whose duties are the apprehension of and taking into custody persons suspected of crime, and rendering to them such assistance of an emergency nature as the condition of any such person may require.

"3. On December 3, 1963, at approximately 1:50 p. m., one Hollis F. Lowe, an indigent transient male from Atlanta, Georgia, was found with a self-inflicted gunshot wound at East 120th & Beulah Avenue. The Cleveland

Police Department came in response to a telephoned complaint.

"4. Cleveland Police Department Mobile Patrol No. 692 took said Hollis F. Lowe to the plaintiff hospital where he was admitted to the emergency room.

"5. Said Hollis F. Lowe remained in University Hospitals as an emergency patient from December 3rd, 1963, to December 24th, 1963, at which time he was transferred to Metropolitan General Hospital's prison ward, where the services rendered to him were paid by Cuyahoga County on behalf of the City of Cleveland.

"6. During the aforesaid period, emergency hospital services were rendered to said Hollis F. Lowe at the established rates of the plaintiff hospital, the bill for such services being in the amount of One Thousand Three Hundred Twenty-six Dollars and Fifty Cents ($1,326.50).

"7. Subsequent to the discharge of Hollis F. Lowe from plaintiff hospital, a bill was submitted to the city of Cleveland in the amount of One Thousand Three Hundred Twenty-six Dollars and Fifty Cents ($1,326.50), which amount remains unpaid either by the said Hollis F. Lowe, or the defendants, City of Cleveland, or Cuyahoga County.

"8. Subsequent to said Hollis F. Lowe's release from Cleveland Metropolitan General Hospital, he was convicted of a crime in Common Pleas Court, he was placed on probation, and returned to the state of Georgia.

"ISSUE

"Upon the foregoing facts the issue to be submitted to the court without a jury is as follows:

" 'Which political subdivision of the state, such as the city of Cleveland or Cuyahoga County, is liable for the necessary hospital and medical care furnished to an indigent and transient person who is found injured and thereupon conveyed by police officers of the municipal corporation to plaintiff hospital.' "

Since the county of Cuyahoga is no longer a party to this portion of the case, the issues as submitted by the parties would only involve the liability of the city of Cleveland and should be reduced as follows:

"Is the city of Cleveland liable for the necessary hospital and medical care furnished to an indigent and transient person who is found injured and thereupon conveyed by police officers of the municipal corporation to the plaintiff hospital?"

The plaintiff, in its brief, sets forth the issue as follows:

"The issue presented in the Stipulation of Facts submitted to the court has narrowed down to the issue of whether or not the city of Cleveland as a political subdivision of the state is liable for emergency and necessary hospital and medical care furnished to an indigent and transient person who is found injured and suspected of crime, and taken by police officers of the city to plaintiff hospital for treatment."

In support of its complaint, the plaintiff relies solely upon Ohio Attorney General's Opinion No. 3131, decided May 7, 1948, 1948 O. A. G. Page 221, the syllabus of which reads as follows:

"1. An indigent person who is injured while being apprehended by peace officers in the perpetration of a felony, is not entitled to receive hospital care while in custody under the provisions of G. C. 3484-2, or any other poor relief provisions of the General Code. 1945 Opinions of Attorney General, Opinion No. 361, page 420, overruled.

"2. The political subdivision of the state, either city or county, which has custody and control of an indigent person, injured while being apprehended by peace officers in the perpetration of a felony, is responsible for necessary hospital care."

The defendant, in its brief, cites no additional authority and discusses only the above noted Attorney General's Opinion. This lack of citation is probably due to the fact that Ohio courts have not reported their rulings on questions concerning prisoner care.

The pertinent portion of R. C. 311.20 reads as follows:

"The sheriff shall furnish, at the expense of the county, to all prisoners or other persons confined in the jail, fuel, soap, disinfectants, bed, clothing, washing, and nurs-

ing, when required, *and other necessaries* as the court, in its rules, designates.'' (Emphasis added by the court.)

The pertinent portion of R. C. 753.02 reads as follows:

''The legislative authority of a municipal corporation shall provide by ordinance for sustaining all persons sentenced to or confined in a prison or station house at the expense of the municipal corporation, and in counties where prisons or station houses are in quarters leased from the board of county commissioners, may contract with the board for the care and maintenance of such persons by the sheriff or other person charged with the care and maintenance of county prisoners.''

The legislature has thus clearly stated that the sheriff shall furnish, at the expense of the county, necessities for all the prisoners and other persons confined in his jail. These necessities include medical expenses both in the jail and hospital confinement.

The responsibility for the care of prisoners including those hospitalized would also extend to prisoners who are confined to the sheriff's jail pursuant to a contract entered into by a municipal corporation and the board of county commissioners under the authority of R. C. 753.02, *supra*.

R. C. 753.02, *supra*, also clearly provides that the municipal corporation shall provide for the sustenance of all persons sentenced to or confined in a municipal prison and such sustenance would include medical care and hospitalization where required. Although not specifically set forth in that statute, it is nevertheless obvious, that if a person is arrested by a municipal officer, and not released under bond, such person is a prisoner of the municipality and thus that municipality is responsible for his medical needs, including hospitalization. Similarly, all persons arrested by a county official, and not released under bond, are the responsibility of the sheriff and he must pay for their hospitalization.

In this case there is no evidence that the patient was a prisoner of either the county or the municipality during the period of his hospitalization at plaintiff's hospital from December 3, 1963, to December 24, 1963. No arrest was

made during that time with or without a warrant. The Cleveland police transported the injured indigent to the plaintiff's hospital and no liability attaches to the city merely as a result of such transportation unless there was a warrant or restraint of the injured party by the Cleveland police. The fact that the injured man was taken into custody on December 24, 1963, does not make the city retroactively liable for his medical care prior to his arrest.

The injured man's indigency has no bearing on the liability of either the city of Cleveland or the Cuyahoga county sheriff. If the injured man was under legal restraint by one of those authorities then that authority would be responsible for the cost of his medical care without regard to his financial status.

A county's responsibility for indigents may be found in R. C. Chapter 5113. The pertinent portion of R. C. 5113.01, reads as follows:

" 'Poor relief' means food, clothing, public or private shelter, the services of a physician or surgeon, dental care, hospitalization, and other commodities and services necessary for the maintenance of health and decency."

The pertinent portion of R. C. 5113.02, reads as follows:

"In each county the county department of welfare shall exercise the powers and duties assigned to the local relief authority or the local relief director under R. C. Chapter 5113., and shall furnish poor relief to all persons who are eligible for such relief under this chapter."

R. C. 5113.03 reads as follows:

"Poor relief shall be given on a budgetary basis and shall be sufficient to maintain health and decency, taking into account the requirements and the income and resources of the recipient. The receipt of other forms of public assistance shall not prevent the receipt of poor relief if additional need exists."

The pertinent portion of R. C. 5113.04 reads as follows:

"The local relief director may approve payment for the temporary care of transients or for emergency medical

or hospital care when such care has been given without a sworn application.''

The above quoted R. C. Chapter 5113. clearly establishes that the responsibility for poor relief, including medical care, rests with the County Welfare Department and that responsibility also applies to hospital expenses of nonresident indigents. See *Mansfield General Hospital* v. *Board of County Commissioners of Richland County*, 170 Ohio St. 486.

IT IS, THEREFORE, THE FINDING OF THIS COURT that the cost of Hollis F. Lowe's medical care at the Metropolitan General Hospital, after December 24, 1963, would be the responsibility of the authority arresting Mr. Lowe, *i. e.*, either the Cuyahoga County sheriff or the city of Cleveland, and if Mr. Lowe was an indigent transient, then the responsibility for the medical treatment supplied by the plaintiff from December 3, 1963, to December 24, 1963, and prior to his legal restraint by any police department, is the legal responsibility of the Cuyahoga County Welfare Department. If Mr. Lowe was not indigent then the plaintiff must seek payment from Mr. Lowe himself or write off the cost of such medical care as part of its charitable activities for which it is granted tax exemption by the state of Ohio.

Exceptions to all parties. Plaintiff to pay cost.