G.R. OSTERLAND COMPANY, Appellant,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as *G.R. Osterland Co. v. Cleveland* (2000), 140 Ohio App.3d 574.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77305.

Decided Nov. 20, 2000.

*McIntyre, Kahn, Kruse & Gillombardo, Robert W. McIntyre, Scott J. Dean* and *Mark F. Kruse,* for appellant.

*Danielle L. Pecenka,* Assistant Director of Law, for appellee Cleveland.

*Charles V. Longo,* for appellee Anthony Allega Cement Contractors, Inc.

ANN DYKE, Administrative Judge.

Appellant G.R. Osterland Company is appealing the trial court's grant of appellee city of Cleveland's motion to dismiss the complaint. For the following reasons, we affirm.

The city of Cleveland hired Anthony Allega Cement Contractors, Inc. as general contractor to renovate runways at Hopkins Airport. The contract and specifications between Allega and the city stated that a sub-base must be installed. Appellant, a subcontractor, installed the sub-base. The city refused to pay for installation of the sub-base. According to the complaint, the city stated that the plans and specifications did not call for installation of the sub-base. Allega refused to pay appellant for installing the sub-base. Appellant put a mechanic's lien on the airport property for $180,099.08.

In order for Allega to be paid by the city, the mechanic's lien would have to be released. Allega and appellant entered into a written agreement whereby appellant agreed to release the lien. In return, Allega assigned its right to collect from the city to appellant.

Appellant's complaint alleged that the city breached its contract with Allega. The complaint also alleged that the city was unjustly enriched. Appellant also requested a declaratory judgment as to whether or not Allega's assignment of its right to collect was valid and enforceable. Appellant's causes of action against

Allega included failure to pay sums owed on account, breach of contract, and unjust enrichment.[1]

The trial court granted Civ.R. 12(B)(6) motions to dismiss filed by the city and by Allega. The motions do not specifically address appellant's claim for a declaratory judgment. The court's ruling on the other claims made the claim for a declaratory judgment moot. See *Cent. Ohio Transit Auth. v. Timson* (1998), 132 Ohio App.3d 41, 724 N.E.2d 458; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266, 270–271. The only possible grounds upon which the trial court could have granted Allega's motion was to find that the contract between Allega and appellant was valid.

Appellant's sole assignment of error states:

"The trial court erred in dismissing the G.R. Osterland Company's breach of contract and unjust enrichment claims against the city of Cleveland for failure to state a claim."

To dismiss a complaint for failure to state a claim, it must appear beyond a doubt that plaintiff can prove no set of facts entitling him to recovery. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641; *O'Brien v. Univ. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. In its motion to dismiss, the city of Cleveland asserted that appellant could not be assigned Allega's rights to payment because the contract between the city and Allega precluded Allega from making such an assignment without approval of the Board of Control. Additionally, city ordinances also prohibited an assignment without approval of the Board of Control. See Cleveland Codified Ordinances 185.35. The trial court apparently found that while the contract was valid as between Allega and appellant, appellant had not taken the necessary steps to secure approval of the Board of Control.

Appellant asserts for the first time on appeal that it had a contract claim against the city completely in its own capacity and not because of the alleged assignment. Appellant contends that it is in privity with the city with respect to job plans and specifications. The general rule is that, absent an agreement otherwise, there is no privity of contract between a property owner and subcontractor. *Booher Carpet Sales, Inc. v. Erickson* (Oct. 2, 1998), Greene App. No. 98–CA–0007, unreported, 1998 WL 677159, citing *Hampson v. State* (1838), 8 Ohio 315, 318, 1838 WL 7. Appellant cites no authority for the proposition that the plans and specifications create a contractual relationship between the property owner and a subcontractor. The cases cited merely establish that owner is liable to a general contractor for discrepancies in the plans

---

1. Appellant did not raise any assignments of error as to Allega.

and specifications. *Bates & Rogers Constr. Co. v. Cuyahoga Cty. Bd. of Commrs.* (N.D.Ohio 1920), 274 F. 659; *Valentine Concrete, Inc. v. Ohio Dept. of Adm. Serv.* (Ct. of Cl. 1991), 62 Ohio Misc.2d 591, 609 N.E.2d 623.

Additionally, the complaint alleges only that the city claimed that a sub-base was not in the plans. The complaint did not state that the city changed the plans and specifications after appellant performed the work. The complaint did not allege that appellant had a contract with the city because of the specifications.

Appellant argues that the city was unjustly enriched because upon learning that Allega assigned the rights to appellant, the city did not pay Allega for the sub-base. According to appellant, the city induced appellant to confer a benefit upon it, by providing plans and then changing them after construction. As stated above, the complaint did not allege that the city changed the plans.

Moreover, the doctrine of unjust enrichment does not apply to a municipal corporation. *Cuyahoga Cty. Hosp. v. Cleveland* (1984), 15 Ohio App.3d 70, 15 OBR 99, 472 N.E.2d 757; *R & K Contrs., Inc. v. Lone Star Constr. Co.* (Apr. 8, 1994), Trumbull App. No. 92–T–4809, unreported, 1994 WL 171643; *Seven Hills v. Cleveland* (1988), 47 Ohio App.3d 159, 547 N.E.2d 1024. The case cited by appellant deals with modification of a contract, not unjust enrichment. *Portsmouth v. Nicola Bldg. Co.* (1922), 106 Ohio St. 550, 140 N.E. 174. Additionally, in order to prevent double recovery, a subcontractor can collect from the owner only if the contractor is unavailable for judgment and the contractor is unable to pursue the owner. See *Booher, supra.*

Accordingly, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, J., concurs.

TIMOTHY E. MCMONAGLE, J., concurs in judgment only.