{¶ 39} I respectfully dissent.
 {¶ 40} In the instant matter, I agree with the majority that the City, in Article II of its Charter, adequately manifested its "intent to exercise home rule powers." However in this case, the majority's conclusion that Resolution 2005-167 is an insufficient exercise of the City's home rule power merely elevates form over substance.
 {¶ 41} A review of the relevant City administrative code sections reveals that there is no practical distinction between a resolution and an ordinance, with regard to how each is prepared, published, and adopted. Section 111.01(22) of the City's administrative code governs the "Reading of Legislation" and imposes the same requirements for both ordinances and resolutions. Sections 111.01 (24) and 111.01(25) provide identical requirements for the posting and publication of ordinances and resolutions. Section 113.01 provides that "all resolutions and ordinances * * * shall be prepared by, under the supervision of, or in a form approved by the Director of Law." Most importantly, Section 6, Article III of the City's Charter provides "[a]t any meeting at which a quorum is present, any ordinance or resolution may be passed or adopted, or any other action taken, by the affirmative votes of four members of the Council unless a larger number be required by the provisions of this Charter or by the Laws of Ohio."
 {¶ 42} As the majority correctly notes, "the adoption of a resolution is the proper procedure for an * * * enactment providing for the disposition of a particular item of business, while the passage of an ordinance is the proper procedure for the enactment of a regulation of a * * * permanent nature." Wuebker v. Hopkins (1928), 29 Ohio App. 386, 388. Since it is clear from the face of the resolution that the lease agreement between the City and Black Gold Exploration was for a specific limited time period, it was, by its very nature, non-permanent. Thus, passage of a resolution is a proper exercise of the City's home rule powers under the circumstances.
 {¶ 43} Even assuming, arguendo, that passage of an ordinancewas the only means of effectuating the lease contract, the form of injunctive relief fashioned by the trial court is overbroad, in that itcompels compliance with R.C. 721.03.
 {¶ 44} Injunctive relief is an extraordinary remedy which is to be granted with great caution, and is dependent upon the facts of each particular case. See Cementech, Inc. v. Fairlawn, 109 Ohio St.3d 475,2006-Ohio-2991, at ¶ 10 (citations omitted); Martin v. Lake MohawkProperty Owner's Assn., 7th Dist. No. 04 CA 815, 2005-Ohio-7062, at ¶ 51 ("The decision to grant injunct[ive] relief in each case revolves around the particular facts and circumstances and the court's view of the reasonableness of a drastic remedy in each situation"). Courts are admonished to be particularly cautious in granting injunctions, especially "in cases * * * where the court is asked to interfere with * * * the action of * * * another department of government." Danis ClarkcoLandfill Co. v. Clark Cty. Solid Waste Mgmt. Dist, 73 Ohio St.3d 590,604, 1995-Ohio-301 (citations omitted); Cementech, 2006-Ohio-2991, at ¶ 10.
 {¶ 45} "The power to convey property owned by a municipal corporation * * * is included within the powers of local self-government conferred by Article XVIII of the Ohio Constitution." Babin v. Ashland (1953),160 Ohio St. 328, at paragraph six of the syllabus. These "home rule" powers are "'self-executing,' in the sense that no legislative action is necessary in order to make it available to the municipality."Perrysburg v. Ridgway (1923), 108 Ohio St. 245, at paragraph three of the syllabus.
 {¶ 46} "Municipalities, which, under their charters, have full power to exercise local self-government, may convey property without resort to the exactations required by state statutes". State ex rel. Leach v.Redick (1959), 168 Ohio St. 543, 546. The authority of the City to enter into a contract for the lease of its own property falls within the ambit of its home rule powers. Id. A lease of city property "presents only a local problem * * * the provisions of Sections 721.01 and 721.03, Revised Code, have no application." Id. at 547. Thus, the City need only comply with its own Charter and ordinances to lease oil and gas rights to a third party. Since there is nothing within the City's home rule powerspreventing it from passing an ordinance which does not comply with the state statutes, the trial court can only order that the city follow its Charter or ordinances, or, if they are not applicable Charter or ordinance provisions, then state law. Since the Willoughby Charter expressly reserves home rule powers and no City ordinance requires alease to comply with R.C. Chapter 721, the trial court cannot prospectively compel the City to follow the state statutes instead of the City Charter by means of an injunction.
 {¶ 47} For these reasons, I would reverse the judgment of the Lake County Court of Common Pleas.