OPINION
{¶ 1} Plaintiff-appellant Edward Tracy appeals from an order of the Miami County Common Pleas Court dismissing his complaint against defendant-appellee Nikki Tinnerman for failure to state a claim upon which relief can be granted.
 {¶ 2} Tracy's cause of action is predicated upon Tinnerman's having reported Tracy's children's school truancy, and upon Tinnerman's having reported bruises she observed on Tracy's son. Tinnerman, an employee of the Miami County Education Service Center, was acting within the scope of her employment when she made these reports. Tracy has not alleged that Tinnerman acted maliciously, in bad faith, wantonly, or recklessly. Because Tinnerman's acts are within the scope of the immunity afforded by R.C. 2744.02(A)(6), we conclude that the trial court did not err in concluding that Tracy's complaint fails to state a claim upon which relief can be granted with regard to these allegations. However, Tracy also alleged that Tinnerman informed Tracy's parole officer that Tracy had sexually abused his son and further alleged that Tinnerman did not investigate, and had no evidence to support, this statement. This allegation, by its very nature raises an inference that, if true, Tinnerman's actions were reckless and thus outside the scope of immunity. Therefore, the trial court did err in dismissing this portion of the complaint. Accordingly, the order of the trial court dismissing Tracy's complaint is Affirmed in part, Reversed in part, and remanded for further proceedings in accordance with this opinion.
 I {¶ 3} Tracy, acting pro se, brought this action against Tinnerman, alleging that Tinnerman sent a truancy officer to Tracy's home upon ascertaining that his children had not been in school. He also alleged that Tinnerman observed a bruise on the leg of one of his children, and that she reported this to Miami County Children's Services. Finally, Tracy alleged that Tinnerman is "trying to do something to break up [his] family," that she lied to Children's Services, and that she informed Tracy's parole officer that Tracy had sexually abused his son. The complaint asked for the following: (1) a written letter of apology from Tinnerman; (2) that all allegations made by Tinnerman be vacated; (3) that Tinnerman conduct more thorough investigations prior to bringing any charges; and (4) monetary damages.
 {¶ 4} Tinnerman filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). Tracy did not file any response. In granting the motion to dismiss, the trial court found Tinnerman's argument persuasive that she is immune from tort liability under R.C. 2744.02(A)(6), that she had a duty to report suspected child abuse pursuant to R.C. 2151.421, and that Miami County Children Services, not Tinnerman, was responsible for the removal of Tracy's children from his home.
 {¶ 5} From this decision, Tracy appeals.
 II {¶ 6} Tracy's appellate brief fails to set forth an assignment of error, as required by App.R. 16(A)(3). From the argument set forth in Tracy's brief, we infer that he intends to assign the following as error:
 {¶ 7} "The trial court erred by dismissing his complaint pursuant to Civ.R. 12(B)(6)."
 {¶ 8} Civ.R. 12(B)(6) permits a defending party to move to dismiss upon the ground that the complaint fails to state a claim upon which relief may be granted. Dismissal pursuant to this rule is appropriate only when it appears beyond doubt that the non-moving party can prove no set of facts which would entitle him to the requested relief. O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The trial court is bound to construe all of the factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. We review the trial court's decision de novo.Fronczak v. Arthur Anderson, L.L.P. (1997), 124 Ohio App.3d 240, 243.
 {¶ 9} R.C. 2744.03(A)(6) creates a presumption of immunity for employees of a political subdivision, and provides that an individual employee is immune from liability in performing her job unless: (1) her acts or omissions are manifestly outside the scope of his employment; (2) her acts or omissions are malicious, in bad faith, or wanton or reckless; or (3) liability is expressly imposed upon the employee by another statute.
 {¶ 10} Tinnerman, an employee of the Miami County Education Service Center, is an employee of a political subdivision and is therefore immune from suit for acts within her official duties, unless one of the enumerated exceptions applies. Cook v. Cincinnati (1995),103 Ohio App.3d 80, 658 N.E.2d 814, fn. 6. In this case, Tracy's complaint does not allege that Tinnerman's act of informing her employer's truancy officer of his son's truancy was outside the scope of her employment, or that it was done with malicious purpose, recklessly, wantonly or in bad faith. Furthermore, he fails to set forth, and we cannot find, any liability for her action imposed by the Revised Code. Therefore, we conclude that the trial court did not err in dismissing the complaint with regard to this allegation.
 {¶ 11} Pursuant to R.C. 2151.421(A)(1), Tinnerman, a school employee, is required to report any reasonable suspicion of child abuse. Nothing in Tracy's complaint alleges that Tinnerman's actions in reporting that his child was bruised were false or that they were not based upon a reasonable suspicion. Indeed, it appears from the complaint that Tracy admits that his child suffered from bruising. Therefore, the trial court did not err in dismissing this portion of the complaint.
 {¶ 12} Tracy next claims that Tinnerman is trying to "break up" his family. Although not entirely clear, it appears that this allegation is supported by Tracy's claim that Tinnerman lied to Children's Services, although the specifics of the alleged lie are not set forth, and that Children's Services thus removed his children from his home. Neither of these claims set forth a cause of action upon which relief may be granted, in the absence of any allegation that Tinnerman acted maliciously, in bad faith, wantonly, or recklessly. Since the complaint does not set forth the facts of the alleged lie told by Tinnerman, we cannot say that the trial court erred in dismissing this claim.
 {¶ 13} Finally, Tracy's complaint alleges that Tinnerman called Tracy's parole officer and informed him that Tracy had sexually abused his son. The complaint goes further to allege that Tinnerman did not investigate, and had no evidence to support, this statement.
 {¶ 14} Given that Tracy alleges that Tinnerman made a statement regarding sexual abuse, and that he further alleges that she did not have any evidence to support this claim, we conclude that a reasonable inference arises that such action, if proven, rises to the level of recklessness and thus removes the action from the scope of immunity afforded to Tinnerman under statute. Accordingly, the trial court erred by dismissing this one portion of the complaint pursuant to Civ.R. 12(B)(6).
 {¶ 15} We conclude that the trial court erred in dismissing Tracy's complaint regarding the allegations that Tinnerman informed the parole officer that Tracy had sexually abused his son. Therefore, the trial court's decision is reversed with regard to this portion of the complaint. The trial court's decision is affirmed in all other respects. This matter is remanded to the trial court for further proceedings on the remaining allegation.
 III {¶ 16} Tracy's sole assignment of error having been overruled in part, and sustained in part, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
Brogan and Wolff, JJ., concur.