FERCHILL et al., Appellants,

v.

BEACH CLIFF BOARD OF TRUSTEES et al., Appellees.

[Cite as *Ferchill v. Beach Cliff Bd. of Trustees,* 162 Ohio App.3d 144, 2005-Ohio-3475.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84131.

Decided July 7, 2005.

Michael P. Maloney, for appellants.

Ulmer & Berne, Elizabeth A. Harvey, and Ronald H. Isroff, for appellees.

KARPINSKI, Judge.

{¶ 1} Plaintiffs, John and Sharon Ferchill, appeal from an order granting judgment on the pleadings in favor of defendants on the Ferchills' claim for malicious prosecution. The defendants include the Beach Cliff Board of Trustees, as well as board members individually [1] (collectively, "Beach Cliff").

{¶ 2} The dispute pertains to a one-mile strip of land located along the shoreline of Lake Erie in Rocky River. In 1927, the Beach family deeded this land in trust to Beach Cliff for the sole use and benefit of owners in the adjoining subdivision. A portion of the trust property lies adjacent to the northern border of property owned by the Ferchills. The Ferchills claim that a portion of the trust property became submerged, and therefore title is now vested in the state of Ohio.[2]

---

1. The individual board members include Norman G. Schabel, Kimberly R. Irish, Michael J. Flannery, Mary F. Willse, and John S. Rea.

2. R.C. 1506.10 governs the state's rights in relation to the waters of Lake Erie and provides that Ohio owns the soil beneath the lake waters.

{¶ 3} In 2000, the trustees discovered that the Ferchills obtained a submerged land lease from the Ohio Department of Natural Resources ("ODNR") in order to construct a recreational dock, a cement pad, and antierosion devices on the land in dispute. In response to the Ferchills' construction along the coastline, Beach Cliff filed a trespass suit seeking declaratory and injunctive relief. On September 13, 2001, the trial court granted summary judgment in favor of the Ferchills, and Beach Cliff subsequently appealed. This court affirmed the trial court's ruling. *Beach Cliff Bd. of Trustees v. Ferchill,* 8th Dist. No. 81327, 2003-Ohio-2300, 2003 WL 21027604 *("Beach Cliff I").*

{¶ 4} Following the resolution of *Beach Cliff I* in the Ferchills' favor, the Ferchills filed a malicious prosecution suit against the trustees. On December 4, 2003, Beach Cliff filed a motion for judgment on the pleadings, pursuant to Civ.R.12(C), and the Ferchills filed an objection. The trial court granted this motion on December 29, 2003, from which the Ferchills filed a timely appeal, presenting one assignment of error:

> The trial court erred in granting appellees' motion for judgment on the pleadings pursuant to Civil Rule 12(c).

{¶ 5} Plaintiffs argue that the trial court erred by granting defendants' motion for judgment on the pleadings. We agree.

{¶ 6} Civ.R. 12(C) provides that "after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." A court must limit its determination of this motion solely to the allegations in the pleadings and any writing attached to those pleadings. *Thomas v. Byrd–Bennett* (Dec. 6, 2001), Cuyahoga App. No. 79930, 2001 WL 1557516, at *4. Under Civ.R. 12(C), such a dismissal is appropriate when a court construes the material allegations of the complaint in favor of the nonmoving party as true, along with all reasonable inferences, and finds beyond doubt that the plaintiff can prove no set of facts in support of his claim that entitle him to relief. *Drozeck v. Lawyers Title Ins. Corp.* (2000), 140 Ohio App.3d 816, 820, 749 N.E.2d 775. When an appeal stems from a trial court's granting of a motion for judgment on the pleadings, an appellate court conducts a de novo review of the legal issues without deference to the trial court. Id.

### The Sufficiency of the Complaint

{¶ 7} Under Ohio law, a plaintiff must satisfy four elements to establish a claim of malicious civil prosecution: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior

proceedings. *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 139, 19 OBR 341, 483 N.E.2d 1168.

{¶ 8} Here, in their complaint for malicious prosecution, the Ferchills alleged the following events:

1. Defendants maliciously instituted a prior lawsuit against Plaintiffs known as *Beach Cliff Board of Trustees v. John Ferchill et al.,* Cuyahoga County Case No. 406212.

2. Defendants brought said lawsuit without probable cause.

3. Said lawsuit was terminated in favor of Plaintiffs.

4. Said lawsuit caused or involved a seizure of Plaintiffs' property.

5. As a direct and proximate result of the conduct of the Defendants, Plaintiffs John and Sharon Ferchill were deprived of the use and enjoyment of their property * * *.

{¶ 9} On its face, this complaint sufficiently states a claim for malicious prosecution; each element for that cause of action has been averred.

**Reliance Upon a Prior Opinion**

{¶ 10} The Ferchills additionally argue that Beach Cliff improperly relied on matters outside the pleadings to support its motion. According to the Ferchills, Beach Cliff recited facts that did not appear in any pleadings or attachments, as well as this court's finding from *Beach Cliff I* as to "whether a temporary restraining order had been properly entered into the record by the trial court." [3] The Ferchills speculate that the *Beach Cliff I* opinion "apparently * * * was offered as a 'written instrument' pursuant to Civil Rule 10(C)." The Ferchills acknowledge, however, that neither the trial court nor Appellees ever characterized the opinion as a "written instrument." Nevertheless, the Ferchills assume that Beach Cliff "relied upon this invalid evidence" and for that reason argue that Beach Cliff's Civ.R. 12(C) motion should have been denied.

{¶ 11} The Ferchills correctly indicate that, currently, no Ohio court has ruled that an appellate court opinion is a proper "written instrument" under Civ.R. 10(D), which states that "when any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading."

{¶ 12} Beach Cliff counters the Ferchills' claim by asserting that the judicial opinion is not evidence; rather, it constitutes legal authority that assisted in providing the foundation for the res judicata defense found in Beach Cliff's third defense to the Ferchills' complaint. In its brief below, however, Beach Cliff recited this court's finding that no temporary restraining order was contained in the record as the basis for the court concluding that the Ferchills were not

---

3. The *Beach Cliff I* opinion was attached to the pleading filed by Beach Cliff in the trial court.

entitled to damages. Beach Cliff then proceeded to use this information to argue the doctrine of collateral estoppel.

{¶ 13} One of the elements needed to prove malicious prosecution is seizure of the plaintiff's person or property during the course of the prior proceedings. Beach Cliff relied upon the opinion from *Beach Cliff I*, which it attached to its amended answer in the present case, to illustrate this court's finding that a temporary restraining order had not been entered in the record in *Beach Cliff I* and thus had never been granted.[4] Beach Cliff, therefore, went beyond using this court's opinion merely as legal authority.

{¶ 14} Evidence in any form may not be considered in a motion for judgment on the pleadings. *Carroll v. Apperson*, Morgan App. No. CA–99–07, 2000 WL 221994, at *3. The same standard of review for a Civ.R. 12(B)(6) motion, moreover, applies to a motion for judgment on the pleadings. *Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098. In a 12(B)(6) motion, the affirmative defense of res judicata is not proper because it requires reference to materials outside the complaint. Id.; *Hamrick v. Daimler–Chrysler Motors*, Lorain App. No. 02CA008191, 2003-Ohio-3150, 2003 WL 21396676, ¶ 8.

{¶ 15} Similarly, collateral estoppel is not a proper defense for a motion for judgment on the pleadings because it necessitates looking beyond the face of the pleadings. For this reason, it would be improper for Beach Cliff to rely on the judicial opinion from *Beach Cliff I*.

{¶ 16} In considering a motion for judgment on the pleadings, the court may look only to the face of the complaint. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 63 O.O.2d 262, 297 N.E.2d 113. The trial court never explained its decision to grant defendants' motion for judgment on the pleadings. Although there is no direct evidence that the trial court relied upon *Beach Cliff I*, such an inference is reasonable from the fact that the complaint clearly presented a sufficient claim for malicious prosecution.

{¶ 17} Accordingly, the Ferchills' assignment of error is sustained. The judgment of the trial court granting the motion for judgment on the pleadings is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment accordingly.

CELEBREZZE, P.J., concurs.

CORRIGAN, J., concurs in judgment only.

---

4. We note that the Ferchills' complaint alleged that a seizure occurred, not that a TRO had been issued. Moreover, as the Ferchills state in their brief, evidence of a constructive seizure would satisfy the allegation. Thus, a docket's failure to evidence a TRO being granted does not necessarily refute evidence of a constructive seizure.