JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Marc Glassman, Inc. ("MGI") appeals the decision of the Cuyahoga County Court of Common Pleas that granted appellees' motion to strike and the trial court's order which appeared to dismiss the case with prejudice. This court, sua sponte, remanded the case to the trial court to clarify its dismissal of September 16, 2005, because of a discrepancy in the record regarding whether the dismissal was with or without prejudice. This court did not address the motion to strike. Upon remand, the trial court clarified that its dismissal was without prejudice. We will now address the motion to strike.
 {¶ 2} In December 2004, MGI sued appellees Christopher Fagan, Joseph Dreher, and their law firm, Fay, Sharpe, Fagan, Minnich 
McKee, LLP, in common pleas court for legal malpractice. The malpractice suit stemmed from appellees' representation of MGI in a civil lawsuit in federal court in which the jury returned a verdict against MGI. The jury concluded that MGI misappropriated the plaintiff's trade secrets, and assessed compensatory and punitive damages exceeding $7 million.
 {¶ 3} The legal malpractice suit alleged that it was appellees' fault that the jury returned a $7 million verdict. Specifically, MGI argued that a jury instruction given by the federal judge was erroneous, that the jury improperly calculated damages because of that erroneous instruction, and that appellees committed legal malpractice by allowing this to happen.
 {¶ 4} While its lawsuit for legal malpractice was pending, MGI appealed the district court's denial of its motion for remittitur. In that appeal, MGI argued that the jury award was clearly excessive and grossly disproportionate to the loss suffered by the plaintiffs. Specifically, MGI argued that the jury instruction regarding damages and the jury's computation of damages was incorrect, and therefore the trial court should have remitted the damages awarded. The record reflects that the instant case was continued several times awaiting the ruling of the federal appellate court on that issue. Ultimately, the Sixth Circuit Court of Appeals affirmed the trial court's denial of remittitur, finding that the trial court's jury instruction on damages accurately reflected Ohio law and that the jury properly assessed the damages. See Mid-Michigan Computer Systems, Inc. v.Marc Glassman, Inc., 416 F.3d 505 (C.A. 6, 2005).
 {¶ 5} Following the Sixth Circuit's ruling, appellees moved in this case to strike from MGI's complaint allegations that the jury instruction on damages misstated the law and that appellees committed malpractice by failing to object to that instruction. The appellate court decision was attached to the motion to strike. The trial court entered an order granting the motion and striking four of the five paragraphs so requested.
 {¶ 6} Thereafter, at the case management conference, appellant's counsel made an oral motion to dismiss MGI's complaint, stating that nothing remained to be tried. The trial court granted MGI's motion and dismissed the case. As stated previously, upon remand, the trial court clarified its dismissal entry, stating that the case was dismissed without prejudice. The trial court stated as follows:
"9/16/05 journal entry, defendant's motion to strike specific paragraphs of the legal malpractice complaint was granted with prejudice on res judicata grounds based on the federal appellate decision. Plaintiff's oral motion for voluntary dismissal of the remaining allegations of legal malpractice was granted without prejudice."
 {¶ 7} The first two assignments of error remain for our review[1] and state the following:
"I. The Trial Court erred, in its Order of September 13, 2005, granting the Defendant-Appellee's Motion to Strike allegations from the Plaintiff-Appellant's Amended Complaint for legal malpractice."
"II. The Trial Court erred in granting the Motion to Strike based on the Defendant's assertions that the 6th Circuit Court of Appeals Opinion disposed of Appellant's malpractice action, which assertions amounted to the affirmative defenses of res judicata or collateral estoppel; because in so doing: (a) the court went beyond the Amended Complaint and used an extra-record document; and (b) the Plaintiff-Appellant was denied any evidentiary opportunity on its cause of action and unconstitutionally deprived of due process and the right to remedy under the Ohio Constitution Article 1 Section 16."
 {¶ 8} In these assignments of error, MGI argues that we should construe appellees' motion to strike as a motion to dismiss or a motion for judgment on the pleadings. MGI further complains that the trial court could not use the Sixth Circuit's decision when striking the paragraphs, because it was improper for the trial court to go beyond the face of the complaint. Appellees, on the other hand, argue their motion was a proper motion to strike. Neither argument is helpful to resolving this appeal on the merits.
 {¶ 9} First, a motion to strike is not the proper vehicle for asserting res judicata and collateral estoppel, which, although not mentioned in appellees' motion to strike, were the actual basis for the motion. Res judicata[2] is an affirmative defense that must be specifically set forth by a party in a responsive pleading and is properly asserted in a Civ.R. 56(C) motion for summary judgment. State ex rel. Freeman v. Morris
(1991), 62 Ohio St.3d 107, 109.
 {¶ 10} If we construe appellees' motion as a motion to dismiss or a motion for judgment on the pleadings, then the trial court erred when it resorted to evidence outside the complaint. A court cannot resort to evidence outside the complaint to support a dismissal under Civ.R. 12(B)(6), or look beyond the face of the complaint when ruling on a motion for judgment on the pleadings under Civ.R. 12(C). See Park v. Acierno, 160 Ohio App.3d 117,123, 20; Ferchill v. Beach Cliff, 162 Ohio App.3d 144, 149,2005-Ohio-3475.
 {¶ 11} Nevertheless, the court ruled on the motion at issue as a motion to strike. A ruling on a motion to strike is an interlocutory order and is not immediately appealable. Our Ladyof Angels Apartments v. Cuyahoga County Bd. Of Revision (Dec. 15, 1994), Cuyahoga App. No. 66733. An interlocutory order is subject to revision by the trial court at any time prior to the entering of a final judgment in the case. Civ.R. 54(B); Kocijanv. S N, Cuyahoga App. No. 80414, 2002-Ohio-3775. Once a final judgment is entered, all interlocutory orders are merged into the final judgment of the court and become appealable. MacConnell v.Safeco Prop., Montgomery App. No. 21147, 2006-Ohio-2910. However, when an entire action is voluntarily dismissed without prejudice, any interlocutory orders made by the trial court are dissolved and are not appealable. Cleveland Indus. Square, Inc.v. Dzina, Cuyahoga App. Nos. 85336, 85337, 85422, 85423, 85441,2006-Ohio-1095; see, also, Charles Gruenspan Co., L.P.A. v.Thompson (Oct. 12, 2000), Cuyahoga App. No. 77276 (recognized a voluntary dismissal, without prejudice, dissolves all interlocutory orders).
 {¶ 12} Here, the trial court granted MGI's oral motion to dismiss its complaint without prejudice. As a result, the court's interlocutory ruling on the motion to strike was dissolved and is therefore not appealable.
 {¶ 13} We are loathe to dismiss without addressing the merits of the dismissal. In light of the motion and ruling presented to us, however, we have no choice but to dismiss this appeal.
Dismissed.
It is ordered that the parties share equally in the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and McMonagle, j., concur.
[1] Appellant's third and fourth assignments of error, which challenged the trial court's dismissal with prejudice, were rendered moot by the trial court's order clarifying that its dismissal of the case was without prejudice.
[2] Res judicata consists of two related concepts — claim preclusion and issue preclusion, otherwise known as collateral estoppel. The collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action, even where the cause of action is different in a subsequent suit. Fort Frye Teachers Assoc., OEA/NEA v. StateEmpl. Relations Bd., et al., 81 Ohio St.3d 392, 1998-Ohio-435. Although issue preclusion generally requires mutuality of parties, the Ohio Supreme Court has adopted a "relaxed" mutuality standard and held that issue preclusion applies unless the party lacked a full and fair opportunity to litigate or the circumstances or justice requires relitigation. Hicks v. De LaCruz (1977), 52 Ohio St.2d 71. In this case, appellant had a full opportunity to litigate; the appellees did not.