OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Steven L. Inskeep, filed April 13, 2007. The events giving rise to this matter began when Curtis Burton purchased certain real property at a foreclosure sale. After taking possession of the property, Burton filed a motion seeking court approval for disposal of certain personal property that remained on the real estate. A hearing was held on the motion at which Burton, his counsel and an attorney *Page 2 
representing The People's Savings Bank, were present. In sustaining Burton's motion, the trial court noted that Inskeep was advised of the hearing, and the court granted Inskeep, and any other defendant claiming ownership of the personal property at issue, 14 days from the date of the court's Entry to pick up the property and remove it. According to the Entry, "Any property not picked up by the end of the 14th day after the date of this Entry may be disposed of by the purchaser without further claim of ownership from any defendant."
 {¶ 2} On March 15, 2004, Inskeep filed a pro se "Lawsuit in Detinue (Replevin)" against Burton. According to Inskeep, in Count One, Burton was "in custody and control of certain personal property that rightfully belongs to Plaintiff Inskeep." In Count Two, Inskeep argued that he is entitled to damages, "in the event that any of my property is gifted, stolen, damaged or destroyed." Inskeep attached a list of his personal property to his complaint, and the list contains a "Disclaimer" stating, "This list though comprehensive is by no means intended to list every single item. * * *"
 {¶ 3} On March 25, 2004, Burton filed an answer, denying the allegations in Inskeep's complaint and stating, "all the issues in regard to Plaintiff s complaint surrounding the personal property of Plaintiff, Steven L. Inskeep, were dealt with at a hearing held February 13, 2004, of which Plaintiff * * * had notice. By the Court's Journal Entry filed February 25, 2004 in Case No. 99 CV 121, Plaintiff * * * was advised that he had fourteen (14) days from the date of the filing of the entry to remove any personal property from the premises that he desired. After that, Defendant, Curtis Burton, was ordered to dispose of any property as he deemed fit." Burton further argued, since "all the issues concerning * * * Steven L. Inskeep's lawsuit were addressed by the Court's Journal Entry filed February 25, 2004 * * * Defendant believes that the issue is *Page 3 
now moot, and therefore, demands that Plaintiffs complaint be dismissed at his cost."
 {¶ 4} On April 2, 2004, Inskeep filed a "Reply to Burton's Answer," arguing, "Burton was not, and is not, a named party to case # 99 CV 121 and because he is not a party to the action lacked standing to motion the Court * * * ."
 {¶ 5} On March 14, 2007, the court issued a Journal Entry that provided as follows: "The case was considered by the Court on Defendant's motion filed on March 25, 2004, for judgment on the pleadings, and the responses that followed.
 {¶ 6} "The Court notes that Defendant's request for dismissal * * * does not state, specifically, the grounds upon which such dismissal is sought. The Court finds that, as it would require the Court to consider matters outside of the Complaint, a Civ.R. 12(B)(6) motion is inappropriate. * * * The Court finds that the motion is made pursuant to Civ.R. 12(C), seeking judgment on the pleadings.
 {¶ 7} "The Court finds that, as the February 25, 2004 Journal Entry of the Court in case number 1999 CV 72[1] [sic] was attached and incorporated into Defendant's Answer, the Court may properly consider that Entry in ruling upon a Civ.R. 12(C) motion.
 {¶ 8} "* * *
 {¶ 9} "In the present case, the Court finds that the disposition of the subject property, including rights of ownership thereto, was addressed in the February 25, 2004 Entry in case number 1999 CV 72 [sic]. In that case, Plaintiff herein was given fourteen (14) days to remove (personally or through his agent) any of his personal property found on the real estate. If such *Page 4 
removal did not occur, the successful purchaser of the real property from the Sheriffs sale, Defendant herein, was ordered to dispose of the property as he saw fit `without further claim of ownership from any defendant.' Plaintiff herein was a defendant in that case. * * *
 {¶ 10} "Upon consideration of all matters submitted, and using the standards of Civil Rule 12(C), the Court grants Defendant's Civ.R. 12(C) motion for judgment on the pleadings. Construing all the material allegations in the complaint, with all reasonable inferences therefrom, in favor of Plaintiff as true, the Court finds it is beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief.
 {¶ 11} "The Court finds no material factual issues exist and that Defendant is entitled to judgment as a matter of law. The Court finds that any claim or rights Plaintiff may have had regarding the property in this case was previously litigated and ruled upon in case number 1999 CV 121, and therefore, res judicata bars the relitigation of claims as to ownership. * * *"
 {¶ 12} In his brief, Inskeep does not assign specific error to the judgment of the trial court. He argues that the trial judge, Burton, and Burton's counsel illegally conspired to deprive him of his personal property. Inskeep further argues that Burton lacked standing to file his motion and that the court lacked subject matter jurisdiction to rule on the motion. Inskeep asks us to "1) Remand with instructions. 2) Order [Judge] Wilson to recuse himself * * *. 3) Allow Inskeep to amend his complaint for replevin and conversion against Curtis Burton to include [counsel for Burton], as an equal participant. 4) Dissolve the Feb. 25, 2004 order as improvidently and illegally obtained and a violation of law." Burton responds that the trial court correctly granted judgment on the pleadings pursuant to Civ.R. 12(C).
 {¶ 13} Civ. R. 12(C) provides: "After the pleadings are closed but within such time as *Page 5 
not to delay the trial, any party may move for judgment on the pleadings." "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C). "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law," and the standard of review is de novo. Dearth v.Stanley, Montgomery App. No. 22180, 2008-Ohio-487. "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint.Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165, 297 N.E.2d 113,116-117. Dismissal is appropriate under Civ.R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. State ex rel. MidwestPride IV, Inc. v. Pontius (1996), 75 Ohio St.3d 565, 570,664 N.E.2d 931, 936" Id.
 {¶ 14} The trial court relied primarily upon Hammerschmidt v. WyantWoods Care Center (Dec. 27, 2000), Summit App. No. 19779, in ruling for Burton. In Hammerschmidt, the plaintiff filed a complaint in the Medina County Court of Common Pleas alleging wrongful termination, and the trial court granted the defendant's motion for summary judgment on the basis that the claim was time barred. The plaintiff then filed a complaint in the Summit County Court of Common Pleas, alleging that his termination violated public policy, and the trial court granted the defendant's motion for judgment on the pleadings on the basis of res judicata. On appeal, Hammerschmidt argued that the trial court erred in barring his claims based on the defense of res judicata. The Ninth District initially noted, "procedurally, the trial court was permitted to take judicial notice of the order by the Medina Court of Common Pleas in *Page 6 
reviewing Appellee's motion for judgment on the pleadings since the judgment was incorporated into the pleadings and was set forth in the pleadings as an affirmative defense. See United States v. Wood (CA. 7, 1991), 925 F.2d 1580, 1582." The court then determined, "the trial court did not err in granting judgment on the pleadings as the claim was barred by res judicata."
 {¶ 15} In a footnote to its Entry, the trial court herein citedFerchill v. Beach Cliff Board of Trustees, Cuyahoga App. No. 84131,2005-Ohio-3475, noting its conflict with Hammerschmidt. InFerchill, defendants Board of Trustees and individual members [Beach Cliff] sought injunctive relief and declaratory judgment to stop the Ferchills from improving real property. The trial court's grant of summary judgment in favor of the Ferchills was affirmed on appeal["Beach Cliff I "]. The Ferchills subsequently brought a malicious prosecution action against Beach Cliff. The Eighth District's opinion affirming summary judgment in the Ferchill's favor was attached to the amended answer filed by Beach Cliff in the trial court. The trial court granted Beach Cliff s motion for judgment on the pleadings. The Ferchills appealed.
 {¶ 16} The appellate court initially noted that the Ferchills' complaint sufficiently stated a claim for malicious prosecution. The court then analyzed Beach Cliff s reliance on Beach Cliff I as follows: "The Ferchills additionally argue that Beach Cliff improperly relied upon matters outside the pleadings to support its motion. According to the Ferchills, Beach Cliff recited facts that did not appear in any pleadings or attachments, as well as this court's finding from BeachCliff I as to `whether a temporary restraining order had been properly entered into the record by the trial court.' The Ferchills speculate that the Beach Cliff I opinion `apparently * * * was offered as a "written instrument" pursuant to Civil Rule 10(C)' The Ferchills acknowledge, *Page 7 
however, that neither the trial court nor Appellees ever characterized the opinion as a `written instrument.' Nevertheless, the Ferchills assume that Beach Cliff `relied upon this invalid evidence' and for that reason argue that Beach Cliffs Civ.R. 12(C) motion should have been denied.
 {¶ 17} "The Ferchills correctly indicate that, currently, no Ohio court has ruled that an appellate court opinion is a proper `written instrument' under Civ.R. 10(D), * * *
 {¶ 18} "Beach Cliff counters the Ferchills' claim by asserting that the judicial opinion is not evidence; rather, it constitutes legal authority that assisted in providing the foundation for the res judicata defense found in Beach Cliffs third defense to the Ferchills' complaint. In its brief below, however, Beach Cliff recited this court's finding that no temporary restraining order was contained in the record as the basis for the court concluding that the Ferchills were not entitled to damages. Beach Cliff then proceeded to use this information to argue the doctrine of collateral estoppel.
 {¶ 19} "One of the elements needed to prove malicious prosecution is seizure of the plaintiff s person or property during the course of the prior proceedings. Beach Cliff relied upon the opinion from Beach CliffI, which it attached to its amended answer in the present case, to illustrate this court's finding that a temporary restraining order had not been entered in the record in Beach Cliff I and thus had never been granted. Beach Cliff, therefore, went beyond using this court's opinion merely as legal authority." (In a footnote, the court noted that the Ferchills alleged that a seizure occurred, not that a TRO had been issued, that evidence of a constructive seizure would satisfy their allegation, and that "a docket's failure to evidence a TRO being granted does not necessarily refute evidence of a constructive seizure"). *Page 8 
 {¶ 20} The court then continued, "Evidence in any form may not be considered in a motion for judgment on the pleadings. (Internal citation omitted). The same standard of review for a Civ.R. 12(B)(6) motion, moreover, applies to a motion for judgment on the pleadings. (Internal citation omitted). In a 12(B)(6) motion, the affirmative defense of res judicata is not proper because it requires reference to material outside the complaint. (Internal citation omitted).
 {¶ 21} "Similarly, collateral estoppel is not a proper defense for a motion for judgment on the pleadings because it necessitates looking beyond the face of the pleadings. For this reason, it would be improper for Beach Cliff to rely on the judicial opinion from Beach Cliff I.
 {¶ 22} "In considering a motion for judgment on the pleadings, the court may look only to the face of the complaint. (Internal citation omitted). The trial court never explained its decision to grant defendant's motion for judgment on the pleadings. Although there is no direct evidence that the trial court relied upon Beach Cliff I, such an inference is reasonable from the fact that the complaint clearly presented a sufficient claim for malicious prosecution."
 {¶ 23} Having reviewed the record herein, we conclude that the trial court improperly relied upon material outside of the pleadings, as inFerchill, in sustaining Burton's motion for judgment on the pleadings. We note that the term "written instrument" in Civ.R. 10 (C) has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, "insurance policies, leases, deeds, promissory notes, and contracts." 1 Klein Darling, Baldwin's Ohio Practice (2004), 744-45. We conclude that a trial court's opinion in another matter is not the sort of written instrument proper for designation as "a part of the pleading" in the context of a motion for judgment on the pleadings. Burton's *Page 9 
res judicata defense, since it requires reference to matters beyond the pleadings, would be properly presented in the context of a motion for summary judgement, and not in a motion for judgment on the pleadings. See, State, ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,579 N.E.2d 702 (holding a claim of res judicata could not be brought under Civ.R. 12(B), but "the affirmative defense of res judicata could be raised by motion for summary judgment."); Lancaster Hardware Supply,Inc. v. MacNeil (Dec. 12, 1978), Hocking App. No. 312 (noting a "procedural defect" where the trial court took judicial notice of a prior foreclosure action in deciding to grant judgment on the pleadings: "It would appear that summary judgment upon proper affidavits and certified copies of the entries in the foreclosure action would have been proper"). The trial court erred in considering its earlier opinion in the foreclosure matter and in sustaining Burton's motion for judgment on the pleadings based upon that opinion.
 {¶ 24} As to Inskeep's other requests, each is without merit. Inskeep did not move to amend his complaint below to add a party, and he may not do so now on appeal. Lastly, the trial court's February 25, 2004 Entry was not appealed, and we are without jurisdiction to address Innskeep's arguments regarding the order now.
Judgment reversed and remanded.
BROGAN, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] The trial court twice inadvertently misidentified the case number of the foreclosure matter in its Entry. *Page 1