[Cite as *Schmitt v. Educational Serv. Ctr. of Cuyahoga Cty.*, 2012-Ohio-2208.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97605**

## SUSAN BOUTON SCHMITT

PLAINTIFF-APPELLEE

vs.

## EDUCATIONAL SERVICE CENTER OF CUYAHOGA COUNTY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED IN PART; REVERSED IN PART**
**AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-748667

**BEFORE:** Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEYS FOR APPELLANTS**

**For Berea City School District**

John D. Pinzone
James A. Climer
Frank H. Scialdone
John T. McLandrich
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Solon, OH 44139

Susan McGown
McGown & Markling Co., LPA
1894 North Cleveland-Massillon Road
Akron, OH 44333

**For Educational Service Center of Cuyahoga County**

David Kane Smith
Krista K. Keim
Andrea E.M. Stone
Britton, Smith, Peters & Kalail Co., L.P.A.
3 Summit Park Drive
Suite 400
Cleveland, OH 44131-2582

**ATTORNEY FOR APPELLEE**

Robert A. Pecchio
2305 E. Aurora Road
Suite A-1
Twinsburg, OH 44087-1940

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Berea City School District ("BCS"), appeals from the trial court's judgment denying its Civ.R. 12(C) motion for judgment on the pleadings. For the reasons that follow, we affirm in part, reverse in part, and remand.

I. Facts and Procedural History

{¶2} Plaintiff-appellee, Susan Bouton Schmitt, filed a complaint against BCS and Educational Service Center of Cuyahoga County ("ESC") in which she alleged that she was hired by BCS and ESC in February 2002 as a school psychologist for BCS. She further alleged that as reflected in her yearly evaluations, she performed her job duties satisfactorily until she was forced to resign her employment on March 4, 2009, after a meeting with her supervisors from BCS and ESC. She alleged that as a result of the termination, she became depressed and was incapacitated for some time, and eventually was forced to relocate to Colorado to find comparable employment. Schmitt's complaint asserted claims for (1) wrongful termination in violation of Ohio's public policy favoring due process and fair dealing in employment relations; (2) breach of an implied contract of employment; (3) promissory estoppel; and (4) negligent and intentional infliction of emotional distress.

{¶3} In its answer to the complaint, ESC admitted that it hired Schmitt in 2002 as a psychologist under a one-year contract and assigned her to work at BCS. ESC further admitted that Schmitt was assigned to work at BCS until her resignation on March 9, 2009. In its answer, BCS admitted that Schmitt was an employee of ESC and

provided services to BCS. Neither BCS nor ESC made any other reference in their answers to Schmitt's employment status, i.e., whether she was an at-will or contract employee after her one-year contract expired in 2003. Both BCS and ESC asserted, among other affirmative defenses, that they were political subdivisions entitled to statutory immunity.

{¶4} BCS and ESC each subsequently filed a Civ.R. 12(C) motion for judgment on the pleadings. In its motion, BCS argued that Schmitt's claims against it failed because all of her claims arose out of the termination of her employment with ESC, and BCS was not a party to the employment contract between Schmitt and ESC. As evidence that Schmitt's employment agreement was with ESC, BCS attached to its motion a copy of a contract dated March 31, 2008, executed by Schmitt and ESC, in which ESC agreed to hire Schmitt as a psychologist for BCS for the one-year period August 15, 2008 to August 14, 2009.[1]

{¶5} In addition to arguing that it was not Schmitt's employer, BCS further argued that (1) Schmitt's wrongful termination in violation of public policy claim failed because the public policy exception for wrongful discharge only applies when the plaintiff was an at-will employee, and Schmitt was a contract employee; (2) Schmitt's breach of implied contract claim failed because a political subdivision cannot be liable on the basis of an implied contract; (3) the wrongful termination and implied contract claims

---

[1] Similarly, ESC attached to its motion for judgment on the pleadings a copy of "Administrative Recommendations Resolution 12-08," which showed that Schmitt was contracted by ESC as a psychologist for BCS for the period August 15, 2008 through August 14, 2009.

failed because as a year-to-year contract employee, Schmitt did not have a property interest in continued employment and thus was not entitled to due process; (4) Schmitt's promissory estoppel claim failed because the provision of public education is a governmental function and promissory estoppel is not applicable to a political subdivision engaged in a governmental function; and (5) under the three-tiered analysis set forth in R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act, BCS was entitled to immunity as to all of Schmitt's claims.

{¶6} In her brief in opposition to BCS's motion, Schmitt asserted that the court could not consider the contract attached to BCS's motion because a determination on a Civ.R. 12(C) motion is restricted to the allegations in the pleadings and any writings attached to the pleadings. Schmitt argued further that BCS's motion should be denied because (1) a breach of implied contract claim can be maintained against a political subdivision; (2) issues of fact remained for determination regarding the promissory estoppel claim; (3) BCS's immunity defense was dependent upon consideration of evidence beyond the facts of the pleadings; (4) damages for emotional distress can be recovered in the context of a breach of contract action such as Schmitt's; (5) and the wrongful termination claim was viable because the allegations of the complaint were sufficient to establish that Schmitt was an at-will, rather than contract, employee who was terminated from employment.

{¶7} The trial court subsequently denied both BCS's and ESC's motions. The court denied BCS's motion without explanation; it denied ESC's motion because ESC

had attached matters outside the pleadings to its motion. Although it denied the motions, in its judgment entry, the court granted BCS and ESC leave to file a motion for summary judgment. Instead of filing a motion for summary judgment, BCS filed a notice of appeal.[2]

## II. Final, Appealable Order

{¶8} As an initial matter, we reject Schmitt's argument that this appeal does not involve a final, appealable order because the trial court made no determination regarding immunity when it denied BCS and ESC's motions for judgment on the pleadings. This court recently held in *DiGiorgio v. Cleveland*, 8th Dist. No. 95945, 2011-Ohio-5824, that trial court orders denying motions for judgment on the pleadings or motions to dismiss where a political subdivision has asserted immunity are final, appealable orders, even where the trial court does not explain the basis for its decision on the immunity issue. *Id.* at ¶ 15, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878. Accordingly, we have jurisdiction to consider BCS's appeal of the denial of its motion for judgment on the pleadings.

## III. Analysis

{¶9} In its single assignment of error, BCS argues that the trial court erred in denying its motion for judgment on the pleadings because it is a political subdivision entitled to statutory immunity under R.C. Chapter 2744 as to all of Schmitt's claims.

---

[2]ESC also appealed. *See Schmitt v. Educational Serv. Ctr. of Cuyahoga Cty.*, 8th Dist. No. 97623, 2012-Ohio-____.

{¶10} Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Because Civ.R. 12(C) motions test the legal basis for the claims asserted in a complaint, our standard of review is de novo. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996). Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings. *Id.*; *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.*, 10th Dist. No. 01AP-1073, 2002-Ohio-2014. A court must construe as true all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001). Dismissal of a complaint is appropriate where a court finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Pontious* at 570.

{¶11} Determining whether a governmental entity is immune from tort liability involves a three-step analysis. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10. First, R.C. 2744.02(A)(1) sets forth the general blanket immunity applicable to political subdivisions. It provides that a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while performing governmental or proprietary functions. To overcome this statutory immunity, a plaintiff must show that one of the five exceptions contained in

R.C. 2744.02(B) applies. These exceptions are (1) negligent operation of a motor vehicle; (2) negligent conduct of employees while carrying out a proprietary function; (3) a municipality's failure to keep roads and sidewalks free from nuisance; (4) injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and (5) any other situation in which liability is expressly imposed by the Revised Code.

{¶12} If a plaintiff demonstrates that one of the five enumerated exceptions to governmental immunity applies, a political subdivision may then assert one of the defenses set forth in R.C. 2744.03(A) to revive its immunity.

{¶13} As applicable to this case, however, R.C. 2744.09(B) provides that R.C. Chapter 2744 does not apply to "[c]ivil actions by an employee * * * against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." The Ohio Supreme Court recently analyzed this exception to political-subdivision immunity from tort liability and held that it "applies in a civil action for damages filed by an employee who alleges that his political-subdivision employer committed an intentional tort against him and engaged in negligent conduct." *Sampson v. Cuyahoga Metro. Hous. Auth.*, Slip Opinion No. 2012-Ohio-570, ¶ 1. The Court held that an employee's action against his or her political-subdivision employer "arises out of the employment relationship between the employee and the political subdivision" within the meaning of R.C. 2744.09(B) if there is a "causal connection or a causal relationship" between the claims raised by the employee

and the employment relationship. *Id.* at ¶ 17.

**{¶14}** Here, because all of Schmitt's claims stem from the termination of her employment, it is apparent there is a causal connection between her claims and her employment relationship with BCS and ESC. Thus, pursuant to R.C. 2744.09(B), BCS is barred from asserting immunity.

**{¶15}** BCS argues, however, that all of Schmitt's claims against it necessarily fail because, as demonstrated by the contract attached to its motion for judgment on the pleadings, Schmitt was not an employee of BCS but, rather, a contract employee of ESC. This court has repeatedly held, however, that a determination on a Civ.R. 12(C) motion is limited "solely to the allegations in the pleadings and any writing attached to those pleadings." *Ferchill v. Beach Cliff Bd. of Trustees*, 162 Ohio App.3d 144, 2005-Ohio-3475, 832 N.E.2d 1238, ¶ 6 (8th Dist.), citing *Thomas v. Byrd-Bennett*, 8th Dist. No. 79930, 2001 WL 1557516 (Dec. 6, 2001). *See also C & K Ind. Serv., Inc. v. McIntyre, Kahn & Kruse Co., L.P.A.*, 8th Dist. No. 92233, 2009-Ohio-2373, ¶ 12 (trial court erred in granting Civ.R. 12(C) motion for judgment on the pleadings where court's ruling was based on evidence attached to the motion. "Such evidence cannot be considered on a motion for judgment on the pleadings.") Accordingly, the trial court could not consider Schmitt's contract with ESC when ruling on BCS's motion.

**{¶16}** Because the trial court could not consider any matters outside the pleadings, it properly denied BCS's motion for judgment on the pleadings regarding Count 1, wrongful termination in violation of public policy. In Ohio, there is a public policy

exception to the employment-at-will doctrine, but the exception applies only to at-will employees. *Haynes v. Zoological Soc. of Cincinnati*, 73 Ohio St.3d 254, 652 N.E.2d 948 (1995), syllabus. Schmitt's complaint alleged that she was hired in 2002 and continued her employment with BCS and ESC until her termination, an allegation that could be construed to mean that her employment was at-will. Neither BCS nor ESC's answers established that Schmitt was a contract employee. Although ESC answered that Schmitt was hired in 2002 under a one-year contract, it made no reference anywhere else in its answer to Schmitt's employment status in subsequent years. In its answer, BCS admitted that Schmitt was an employee of ESC but made no reference to whether Schmitt was a contract or at-will employee. Most importantly, neither BCS nor ESC attached any documents establishing that Schmitt was a contract employee *to their answers*. Accordingly, construing the allegations of the complaint as true and making all reasonable inferences in favor of Schmitt, the trial court properly denied BCS's motion for judgment on the pleadings as to Count 1.

{¶17} Likewise, the trial court properly denied the motion with respect to Count 4, which alleged negligent and intentional infliction of emotional distress. Although BCS argues this claim is precluded by its statutory immunity, as the Ohio Supreme Court held in *Sampson*, Slip Opinion No. 2012-Ohio-570, "R.C. 2744.09(B) removes the protection of immunity for a political-subdivision employer for injuries to its employees that arise out of the employment relationship." *Id.* at ¶ 30 (Lanzinger, J., concurring in judgment only).

{¶18} Nevertheless, not all of Schmitt's claims survive BCS's motion for judgment on the pleadings. In Count 2, Schmitt alleged that BCS breached an implied contract of employment with her that imposed a duty of good faith and fair dealing. But in Ohio, political subdivisions cannot be bound by contract unless the agreement is in writing and formally ratified through proper channels. As a result, political subdivisions cannot be made liable upon theories of implied or quasi contract. *Franks v. Bolivar*, N.D.Ohio No. 5:11CV701, 2011 WL 5838209 (Nov. 18, 2011), citing *Wright v. Dayton*, 158 Ohio App.3d 152, 2004-Ohio-3770, 814 N.E.2d 514 (2d Dist.); *see also Cleveland Hts. v. Cleveland*, 8th Dist. No. 79167, 2001 WL 1400015 (Nov. 8, 2001), citing *Eastlake v. Davis*, 94 Ohio App. 71, 74, 114 N.E.2d 627 (7th Dist.1952); *Wellston v. Morgan*, 65 Ohio St. 219, 228, 62 N.E. 127 (1901); *Cuyahoga Cty. Hosp. v. Cleveland*, 15 Ohio App.3d 70, 72, 472 N.E.2d 757 (8th Dist. 1984). Accordingly, Schmitt's breach of implied contract claim should have been dismissed.

{¶19} The trial court should have also dismissed Schmitt's promissory estoppel claim in Count 3 of her complaint. In *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 199, 2006-Ohio-4251, 852 N.E.2d 716, the Ohio Supreme Court unequivocally held that "the doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is engaged in a governmental function." The provision of public education is a governmental function. *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 11. In addition, the act of hiring personnel to staff public schools has been

held to be a governmental function because "[t]his activity is so fundamental to the provision of a system of public education that it cannot be considered apart from the governmental function of 'providing a system of public education.'" *Bucy v. Carlisle*, 1st Dist. No. C-090252, 2010-Ohio-2262, ¶ 16; *see also Senu-Oke v. Bd. of Edn. of Dayton City School Dist.*, 2d Dist. No. 20967, 2005-Ohio-5239, ¶ 12. Accordingly, Schmitt's promissory estoppel claim is barred as a matter of law.

{¶20} BCS's assignment of error is overruled in part and sustained in part. The trial court's denial of BCS's motion for judgment on the pleadings regarding Schmitt's wrongful termination and negligent and intentional infliction of emotional distress claims is affirmed; the court's denial of BCS's motion with respect to Schmitt's breach of implied contract and promissory estoppel claims is reversed. The matter is remanded for further proceedings consistent with this opinion.

{¶21} Affirmed in part; reversed in part and remanded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR